**COMMONWEALTH OF MASSACHUSETTS**

**NORFOLK, SS.**                                       SUPERIOR COURT
                                                                 NO. 2282-CR-00117

|  |  |
|---|---|
| **COMMONWEALTH OF MASSACHUSETTS,** Plaintiff | ) ) ) ) |
| V. | ) ) |
| **KAREN READ,** Defendant | ) ) ) ) |

## DEFENDANT'S ASSENTED-TO MOTION TO CONTINUE TRIAL TO A DATE ON OR AFTER APRIL 25, 2025

Now comes the Defendant Karen Read, by and through undersigned counsel, and hereby moves this Honorable Court to continue the trial in this matter, currently scheduled for April 1, 2025, to Monday April 28, 2025, with a Final Pre-Trial Conference on Friday April 25, 2025. The defense respectfully submits that such continuance, to which the Commonwealth assents as further noted below, is necessary to permit Ms. Read to appeal the denial of her federal Double Jeopardy claims, which the federal district court expressly found to be "substantial," to the First Circuit Court of Appeals prior to being forced to undergo a retrial that Ms. Read contends would violate her rights.

On June 9, 2022, Ms. Read was charged in three separate indictments with second-degree murder in violation of M.G.L. ch. 265, §1 (Count 1); manslaughter while operating under the influence of alcohol in violation of M.G.L. ch. 265, §13½ (Count 2); and leaving the scene of a collision resulting in death in violation of M.G.L. ch. 90, §24(2)(a½)(2) (Count 3). A jury trial began on April 16, 2024. This Court declared a mistrial on July 1, 2024.

After the mistrial, Ms. Read moved to dismiss Counts 1 and 3 on Double Jeopardy grounds. On August 22, 2024, after hearing oral argument, this Court issued an order denying Read's motion to dismiss.

On September 11, 2024, Ms. Read filed a petition for relief with the Supreme Judicial Court ("SJC") pursuant to Mass. Gen. Laws c. 211, §3. On September 19, 2024, a single justice of the SJC (Dewar, J.) reserved and reported the case, without decision, to the full court. On February 11, 2025, the SJC issued an opinion affirming the denial of Read's motion to dismiss. *See Read v. Commonwealth*, 495 Mass. 312 (2025).

Ms. Read filed her federal petition for habeas corpus on February 18, 2025. *See generally Read v. Norfolk County Superior Court*, No. 25-CV-10399 (D. Mass.). After oral argument, on March 13, 2025, the federal district court denied Read's petition. Before denying the petition on the merits, the district court found that (1) Ms. Read properly brought her petition under 28 U.S.C. §2241; (2) she satisfied the custody requirement to bring a habeas petition; (3) she exhausted her state-court remedies; and (4) no abstention doctrine barred the federal court from considering the petition, *see Allen v. Att'y Gen. of Me.*, 80 F.3d 569, 572 (1st Cir. 1996); *Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 303 (1984). *Read v. Norfolk County Superior Court*, No. 25-CV-10399 (D. Mass.), Dkt. 27 at 9-11. The district court granted a certificate of appealability, finding that Ms. Read made a "substantial showing of the denial of a constitutional right as to all claims." *Read v. Norfolk County Superior Court*, No. 25-CV-10399 (D. Mass.), Dkt. 28 at 2.

Ms. Read filed a notice of appeal the same day that the district court denied her petition. Pursuant to an expedited briefing schedule agreed upon by the parties, Ms. Read filed her

opening brief on March 18, 2025. The appeal will be fully briefed by March 26, 2025, just four business days before Ms. Read's scheduled retrial.

As the United States Supreme Court has observed, "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. . . . It is a guarantee against being twice put to trial for the same offense." *Abney v. United States*, 431 U.S. 651, 660-61 (1977). "Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has h[er] conviction ultimately reversed on double jeopardy grounds, [s]he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Id.* at 662.

Ms. Read respectfully submits that the Double Jeopardy protections at stake in this matter are simply too important to force her to stand trial for murder, in what she contends would be a violation of her rights, before having the opportunity to appeal her "substantial" constitutional claims. Moreover, whether Ms. Read's retrial will proceed on all three counts, or be limited to Count 2, will materially impact her trial counsels' strategy and decision-making, such that the defense believes Ms. Read is entitled to know which counts she will be tried on in advance.

The Commonwealth assents to a short continuance of the trial to the end of April 2025. That assent is without prejudice, and the Commonwealth expressly reserves the right to oppose any further continuance or delay of the trial, including if the First Circuit appeal has not been resolved by the time of the new trial date.

For the foregoing reasons, Ms. Read respectfully requests that this Honorable Court continue the trial in this matter to April 28, 2025, or the first available date thereafter.

Respectfully Submitted,
For the Defendant,
Karen Read
By her attorneys,


**/s/ David R. Yannetti**
David R. Yannetti, Esq.
BBO No. 555713
44 School St.
Suite 1000A
Boston, MA 02108
(617) 338-6006
law@davidyannetti.com


**/s/ Alan J. Jackson**
Alan J. Jackson, Esq. *Pro Hac Vice*
Elizabeth S. Little, Esq. *Pro Hac Vice*
Werksman Jackson & Quinn LLP
888 West Sixth Street, Fourth Floor
Los Angeles, CA 90017
T : (213) 688-0460
F: (213) 688-1942


**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
BBO No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

**/s/ Robert Alessi**
Robert J. Alessi, Esq., *Pro Hac Vice*
DLA Piper (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4866
Robert.alessi@us.dlapiper.com

On Brief
Michael Pabian, Esq.
BBO No. 684589
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
pabianlaw38@gmail.com

Dated: March 19, 2025

## CERTIFICATE OF SERVICE

    I, Elizabeth Little, do hereby certify that on this day, March 19, 2025, I have served a copy of this Motion on the Commonwealth by emailing a copy to Attorney Hank Brennan at hank.brennan@mass.gov.

/s/ **Elizabeth Little**
Elizabeth Little