**UNITED STATES DISTRICT COURT MASSACHUSETTS**

Dan Howitt (pro se),
Plaintiff, 1:25CV10100MPK
v
Cambridge Health Alliance - Cambridge Hospital,
Defendant.

NOTICE OF APPEAL OF MS. KELLEY'S DISMISSAL OF CASE (ORDER/DOCUMENT #44)

Impious abuse of discretion Ms. Kelley improperly dismissed my case on her basis of res judicata: As she knows, there was no judgment *on the merits* of my case in Middlesex Superior Court. The merits of my case were not judged because my case did not proceed to any of the steps where the merits of my case could be judged. Instead, the judge of that case dismissed my case because he, in violation of the simple Supreme Judicial Court directive about the liberality that State courts must provide to pro se, and in violation of FRCP 8(e) and Erickson v Pardus, thought that my simple complaint did not fully accord with civil procedure. That is, that I committed technical errors that warranted a dismissal with prejudice, due to how my many attempts to amend my complaint were not successful, due to committing technical errors. FRCP 8(e) requires that courts "do justice" by explaining pro se pleadings to do justice even if there are technical errors. His courtroom clerk, who is the assistant clerk magistrate, also falsely told me many times "you are held to the same standard as an attorney". This impious dishonorable conduct is grotesque, and contrary to justice, and expressions of these court staff's psychological desires to harm. Sadly they, like Ms. Kelley, are ruled by their psychological desires to harm, rather than by concepts of justice. Res Judicata concerns cases that have been fully adjudicated, meaning through the basic stages of cases, namely scheduling order, initial disclosures, interrogatories, depositions, summary disposition, and trial. My case did not proceed to any of those stages.

Ms. Kelley's first bout of abuse was her "show cause order" where she asked me why she should not dismiss my case on the basis of lack of jurisdiction. I showed cause that there is jurisdiction, and there obviously is jurisdiction, and via impious abuse of discretion, and in ghastly violation of FRCP 8(e), she actually forced me to show that there is. I did show this, and she let my case proceed. Her second bout of abuse is her spending a vast number of months ignoring my case, and then abusively dismissing it based on res judicata, whereas she never mentioned res judicata in her show cause order. Not succeeding with her first emotional bout of abuse, she embarked on a second bout. The essence of my case is the multitude of federal

violations, and harm of an array of female staff, via severely toxic abuse of all kinds, including a horridly federally illegal severely disablist voicemail that is more common among adolescents who cannot rule their psychological desires to harm, left for me by one of the defendant–hospital's longest standing employees, who is one of its highest ranking employees, namely Judy Petelle, and her ensuing termination of me from that Medical Specialities Department, all in response to my simple professional complaint about two of her employees.

Ms. Kelley's additional abuse is her abusive handling of my simple objection to the rancorous abuse of defendant's attorney Terresa Farris, who sadistically contrived abusive falsehoods about me regarding my Local Rule 7.1 telephone conference of 5-6 minutes with it, and, then provided private redactable information in its filing in which it contrived the falsehoods. Ms. Kelley, rather than attend to this issue, abused me regarding it, acting as an advocate for the rancorous Ms. Farris. This is further demonstration of the abusive dishonorable nature of Ms. Kelley, and is consistent with her above dishonorable conduct. Subjecting a pro se with limitations to this is even more inhumane, and contrary to justice. Now she subjects me to an appeal, which likely will take 1 or more years for me to wait for this Notice, and the existing filings, to be assessed by that busy appeals court. This is her forth bout of abuse. Execrable minatory abuse, should not pervade a court like this.

Submitted by,

Dan Howitt, 7/29/26

Certificate Of Service: Today I served this document to the defendant's attorneys by efile.