UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES P. RYAN,<br><br>    Plaintiff,<br><br>v.<br><br>CARLO DEMARIA JR., ET AL.,<br><br>    Defendants. | Civil Action No.: 1:21-CV-11158-NMG |

**DEFENDANT RUTH BOURQUIN'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS THE COMPLAINT**

Gary M. Ronan
Justin D. Heller
Goulston & Storrs PC
400 Atlantic Avenue
Boston, Massachusetts 02110
(617) 482-1776

*Attorneys for Defendant Ruth Bourquin*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 3

ARGUMENT .................................................................................................................................. 5

    I.    The Applicable Standard......................................................................................... 5

    II.    Attorney Bourquin Was Not Obligated to Assist Plaintiff ..................................... 6

    III.    Attorney Bourquin Is Not a State Actor and Did Not Deprive Plaintiff of Property................................................................................................................... 7

    IV.    Plaintiff Alleges No Act or Omission in Connection with the Sale of a Security .................................................................................................................. 8

    V.    Attorney Bourquin Is Not a Government Employee or Agent .............................. 9

    VI.    The Complaint Fails to State a Claim Under the RICO Statute .......................... 10

    VII.    The Complaint Does Not Allege, and in Any Event the Court Would Lack Subject Matter Jurisdiction Over, Any State Law Claim Against Attorney Bourquin ............................................................................................................... 11

CONCLUSION............................................................................................................................ 15

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................................... 5

*Aung v. Prettenhoffer*,
  4:20-cv-40116-TSH, 2021 WL 2458204 (D. Mass. June 16, 2021) ...................................... 12

*Balerna v. Gilberti*,
  281 F.R.D. 63 (D. Mass. 2012) ........................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 5

*Burnham v. Wyeth Labs. Inc.,*
  348 F. Supp. 3d 109 (D. Mass. 2018) .................................................................................. 5

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) ........................................................................................................... 14

*Caturvedi v. Siddharth*,
  Civ. A. No. 20-1180-FDS, 2021 WL 664129 (D. Mass. Feb. 19, 2021) ................................ 14

*Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.*,
  25 Mass. App. Ct. 107 (1987) ............................................................................................. 7

*Desjardins v. Willard*,
  777 F.3d 43 (1st Cir. 2015) ................................................................................................. 14

*Futura Dev. of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico*,
  144 F.3d 7 (1st Cir. 1998) ................................................................................................... 12

*Jones v. Evangelidas*,
  Civ. A. No. 20-40153-TSH, 2021 WL 76207 (D. Mass. Jan. 8, 2021) .................................. 13

*Kokkonen v. Guardian Life Ins. Co. of America*,
  511 U.S. 375 (1994) ........................................................................................................... 11

*Lahey v. Aiken & Aiken, P.C.*,
  91 Mass. App. Ct. 1111 (2017) ........................................................................................... 7

*Lopez-Davila v. Acting Comm'r of Soc. Sec.*,
  39 F. Supp. 3d 184 (D. Mass. 2014) .................................................................................... 12

*Lu v. Hadlock*,
  Civ. A. No. 95-12041-GAO, 1996 WL 463747 (D. Mass. Aug. 1, 1996) ........................ 11, 12

*Lugar v. Edmondson Oil Co.*,
  457 U.S. 922 (1982) ........................................................................................................... 8

*Manning v. Bos. Med. Ctr. Corp.*,
  725 F.3d 34 (1st Cir. 2013) ................................................................................................. 5

*Mason v. Central Mass. Transit Mgmt., Inc.*,
   405 F. Supp. 3d 315 (D. Mass. 2019) .................................................................................. 8

*McLarnon v. City of Malden*,
   Civ. A. No. 06-11815-RWZ, 2007 WL 2159364 (D. Mass. Jul. 26, 2007) ......................... 8, 14

*Nathanson v. M.C.A.D.*,
   16 Mass. L. Rptr. 761 (2003) ............................................................................................... 6

*Sedima, S.P.R.L. v. Imrex Co.*,
   473 U.S. 479 (1985) ............................................................................................................ 11

*Serrano-Moran v. Grau-Gaztambide*,
   195 F.3d 68 (1st Cir. 1999) ................................................................................................. 13

*Skwira v. U.S.*,
   344 F.3d 64 (1st Cir. 2003) ................................................................................................. 11

*United Mine Workers of Am. v. Gibbs*,
   383 U.S. 715 (1966) ............................................................................................................ 14

## Other Authorities

1 Mass. Prac., Fam. Law & Prac. § 4:5 (4th ed.) ....................................................................... 6

*The Attorney-Client Relationship*, ETHICAL LAWYERING IN MASSACHUSETTS,
   ETHL MA-CLE 4-1, § 4.1.20 (2021) ................................................................................... 6

## Rules

17 C.F.R. § 240.10b-5 .............................................................................................................. 1, 8

18 U.S.C. § 1964(c) ................................................................................................................... 10

18 U.S.C. §§ 1961-1968 ............................................................................................................ 10

28 U.S.C. § 1331 ................................................................................................................... 11, 12

28 U.S.C. § 1332 ................................................................................................................... 11, 12

28 U.S.C. § 1367 ........................................................................................................... 3, 11, 12, 14

28 U.S.C. § 1367(a) ........................................................................................................... 3, 13, 14

28 U.S.C. § 1367(c)(3) ............................................................................................................... 14

28 U.S.C. § 2671 ......................................................................................................................... 9

28 U.S.C. § 2680 ......................................................................................................................... 1

Fed. R. Civ. P. 12(b)(1) ....................................................................................................... 3, 11, 15

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 3, 5, 11, 15

Mass. R. Prof. C. 1.18 ................................................................................................................ 6

**PRELIMINARY STATEMENT**

In his Complaint, James P. Ryan ("Plaintiff") names 55 individual defendants ranging from public officials and court staff to lawyers in public and private practice. Without specifying which claims he brings against which defendants, Plaintiff asserts entitlement to $1.9 million in damages, which he says he suffered as a result of the misdeeds of at least some of the defendants in connection with a property he once owned.

While the allegations in the Complaint pertaining to the actions of other defendants are wide-ranging and cover a period of time exceeding a decade, the only allegations concerning defendant Attorney Ruth Bourquin ("Attorney Bourquin") are that Plaintiff sought legal counsel from the American Civil Liberties Union of Massachusetts ("ACLUM"), where Attorney Bourquin is employed, that Attorney Bourquin refused to complete an intake form or investigate Plaintiff's claims against other parties, and that she allegedly told him that "there were not enough victims to look into the Incident[.]" Complaint at 17. In short, Plaintiff alleges that Attorney Bourquin declined to investigate his claims and declined to represent him—and nothing more.

It is unclear which causes of action, if any, Plaintiff intends to assert against Attorney Bourquin. The Complaint contains no counts or causes of action, stated as such, against her. The broadest possible reading of the Complaint, however, suggests that that Plaintiff might be asserting causes of action for (1) a failure to provide legal services (Complaint at 17); (2) a violation of Plaintiff's Fourteenth Amendment due process rights (Complaint at 21); (3) securities fraud pursuant to 17 C.F.R. § 240.10b-5 ("Rule 10b-5") (Complaint at 21-22); (4) a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680 (Complaint at 22-23); and (5) treble damages under the Civil Racketeer Influenced and Corrupt Organization ("RICO") statute (Complaint at 23). None of these claims are viable.

*First*, Attorney Bourquin was not obligated to investigate Plaintiff's claims or accept him as a client. Lawyers are not obligated to assist or take on any particular client, and no cause of action exists under state or federal law against a lawyer based upon his or her decision not to represent someone. All of Plaintiff's claims against Attorney Bourquin therefore must be dismissed.

*Second*, any claim for alleged violations of Plaintiff's Fourteenth Amendment due process rights must be dismissed because Attorney Bourquin is not a state actor, which is a prerequisite to the claim. Furthermore, the Complaint does not allege any facts that, if proven, would establish that Attorney Bourquin deprived Plaintiff of his due process rights (even if she had been a state actor).

*Third*, any claim for securities fraud pursuant to Rule 10b-5 must be dismissed because Plaintiff does not allege the purchase or sale of any security. Nor does he allege that Attorney Bourquin made any false or misleading statement in connection with the purchase or sale of a security.

*Fourth*, any claim pursuant to the FTCA must be dismissed because Attorney Bourquin was not acting on behalf of the United States, and only employees or agents of the United States can be liable under the FTCA.

*Fifth*, any RICO claim must be dismissed because the Complaint does not allege facts that, if proven, would establish that Attorney Bourquin engaged in unlawful "racketeering activity" or the collection of an "unlawful debt" within the statutory definitions of those terms.

*Sixth*, and finally, the Complaint does not mention any state law cause of action, plead the elements of any state law cause of action, or plead facts that, if proven, would establish the elements of any state law cause of action against Attorney Bourquin. No part of the Complaint,

therefore, will survive once the federal causes of action addressed above are dismissed. And even if any state law cause of action against Attorney Bourquin had and could have been adequately pleaded, the Court would lack subject matter jurisdiction over it because the claim would not arise from the same common nucleus of operative facts as Plaintiff's claims against the other defendants (which concern the events that led Plaintiff to lose his property, in which Attorney Bourquin played no part). As a consequence, supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) would not exist.

For these reasons, whatever the merits of Plaintiffs' claims against other defendants (on which Attorney Bourquin takes no position), his Complaint fails to state a claim against Attorney Bourquin and should be dismissed as against her under Fed. R. Civ. P. 12(b)(6), or alternatively Fed. R. Civ. P. 12(b)(1).

## **STATEMENT OF FACTS**

Although the Complaint is 24 pages long and describes numerous events that took place over twelve years, only a handful of the alleged facts are material to this motion. They are as follows.[1]

Plaintiff alleges that he owned property located at 50 Liberty Street, Everett, Massachusetts (the "Property") from 1998 until he was dispossessed of the Property in 2009. Complaint at 1. On April 22, 2009, City of Everett Building Inspector Michael Desmond discovered that Plaintiff was renting portions of the Property to eight separate families, even though the Property could legally house only three families. Complaint at 2. Plaintiff was given citations and notices from several Everett agencies detailing Plaintiff's violations, and the tenants were ordered to evacuate the

---

[1] For purposes of this motion, Attorney Bourquin will assume that the facts alleged in the Complaint are true, even though certain facts alleged concerning her actions, statements, and position at ACLUM are, in fact, inaccurate.

Property.  Complaint at 2-3.  Events followed that are not clearly described in the Complaint and led to Plaintiff losing the Property.  Complaint at 3-4.

In the ensuing years, Plaintiff engaged several attorneys (although not Attorney Bourquin) in his efforts to get the Property back, and contacted various law enforcement agencies (including the Massachusetts Attorney General, Federal Bureau of Investigation, Middlesex and Suffolk County District Attorneys, and Massachusetts Inspector General) in an attempt to vindicate the alleged violations of his rights.  Complaint at 3-5, 9-11, 14-15.  He was, however, unsuccessful in achieving recompense that he found satisfactory.

The only alleged involvement of Attorney Bourquin in this twelve-year ordeal is described—and the only allegations in the Complaint mentioning her come—on page 17 of the Complaint.  They are, in full, as follows:

> **Then-American Civil Liberties Union Executive Director Ruth Bourquin;** WORK ADDRESS: American Civil Liberties Union, 211 Congress Street, Boston, MA 02110.  Atty. Bourquin refused to do an Intake Form or investigate the Plaintiff's claims that his Civil Rights and the Rights of his eight (8) Tenants (mostly Minority) were violated from April 22, 2009 forward to this Filing.  Atty. Bourquin expressed to the Plaintiff that "there were not enough victims to look into the incident."  **It is the Plaintiff's assumption and belief that the Executive Director of the American Civil Liberties Union and her/his Staff Members would be willing to assist 8-10 people whose rights were violated and there was no Due Process of Law.**

Complaint at 17 (emphasis in original).

There is no allegation that Attorney Bourquin herself deprived Plaintiff (or anyone else) of his civil rights.  Nor is there any allegation that she acted in coordination with any of the other defendants.  The only allegations pertaining to her are that she declined to complete an intake form, investigate Plaintiff's claims, and represent him in connection with his effort to vindicate his rights after the harm had already been done to him.

4

On July 15, 2021, Plaintiff filed the Complaint against Attorney Bourquin and 54 other defendants. The Complaint does not contain any counts stated as such or allege specific causes of action against specific defendants. Instead, it mentions, in generality, potential violations of Plaintiff's Fourteenth Amendment due process rights, securities fraud pursuant to Rule 10b-5, violations of the FTCA, and violations of a RICO statute. Complaint at 21-24.

## ARGUMENT

### I. The Applicable Standard

To survive a motion to dismiss, a complaint must allege facts "plausibly suggesting" and "not merely consistent with" an entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013) ("The allegations must be enough to render the claim plausible: [w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between [mere] possibility and plausibility of entitlement to relief.") (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). "[C]onclusory allegations that merely parrot the relevant legal standard are disregarded, as they are not entitled to the presumption of truth." *Manning*, 725 F.3d at 43.

Under this standard, a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it fails to include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570. Said another way, a complaint must include factual allegations that, if proven, would entitle the plaintiff to relief. While it may be appropriate to afford *pro se* plaintiffs who lack legal training some leeway, a plaintiff's "pro-se status does not excuse him from complying with procedural and substantive law." *Burnham v. Wyeth Labs. Inc.,* 348 F. Supp. 3d 109, 111 (D. Mass. 2018).

## II.     Attorney Bourquin Was Not Obligated to Assist Plaintiff

No cause of action exists under state or federal law based upon a lawyer's decision not to assist, advise, or represent a prospective client. And rightly so: a lawyer is free to decide whom he or she represents and does not represent.[2] Because the only substantive allegations against Attorney Bourquin in the Complaint are that she declined to investigate Plaintiff's claims against other parties and declined to represent him—something she had no obligation to do—his Complaint against her must be dismissed with prejudice.

A lawyer's duties to prospective clients are limited, and they do not include a duty to assist, advise, or take on any particular client. *See* Mass. R. Prof. C. 1.18 (providing that a lawyer's ethical obligations to prospective clients include protecting the client's confidential information and not using it against him or her); *id*. at cmt. [1] ("A lawyer's consultations with a prospective client […] leave both the prospective client and the lawyer free […] to proceed no further."); 1 Mass. Prac., Fam. Law & Prac. § 4:5, FN3 (4th ed.) ("In the United States a lawyer has a right to refuse to represent a client…"); Jeffrey D. Woolf, Esq., *The Attorney-Client Relationship*, ETHICAL LAWYERING IN MASSACHUSETTS, ETHL MA-CLE 4-1, § 4.1.20 (2021) ("If you feel […] that you cannot or do not wish to take a case, this is your prerogative.").

Further, in Massachusetts, it is "as plain as a pikestaff that an attorney does not owe a fiduciary duty to a person who she does not represent." *Balerna v. Gilberti*, 281 F.R.D. 63, FN 4 (D. Mass. 2012). And Plaintiff does not allege that Attorney Bourquin represented him: to the contrary, he alleges precisely the opposite—that she refused to investigate his claim and to take on

---

[2] A limited exception to a lawyer's otherwise unqualified right to refuse a potential client is the obligation not to discriminate unlawfully by rejecting potential clients based on immutable characteristics. *See Nathanson v. M.C.A.D.*, 16 Mass. L. Rptr. 761, at *7 (2003) (holding attorney violated public accommodation law by refusing a male client based on his gender). No such discrimination is alleged in the Complaint, nor could Plaintiff truthfully allege it. This limited exception is therefore inapplicable in this case.

his case. Plaintiff therefore has no claim for legal malpractice, which requires (as an element of the claim) the existence of an attorney-client relationship. *See Lahey v. Aiken & Aiken, P.C.*, 91 Mass. App. Ct. 1111 (2017) ("To prevail in a legal malpractice case, a plaintiff must establish (1) the existence of an attorney-client relationship, (2) a breach of the relevant standard of care, (3) a causal connection, and (4) damages." (*citing Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.*, 25 Mass. App. Ct. 107, 111 (1987)) .

These authorities—and the lack of any statute or case law creating a cause of action based upon a lawyer's decision not to take on a client—make clear that Plaintiff has no viable claim against Attorney Bourquin. Plaintiff's "assumption and belief" that Attorney Bourquin and the ACLUM should have been willing to aid him does not impose a legal obligation on them. Attorney Bourquin had no obligation to assist, advise, or represent Plaintiff, and so her decision not to do so cannot form the basis for any cause of action. Plaintiff does not allege that Attorney Bourquin ever represented him (quite the opposite), so there can be no malpractice claim. Nor does he allege that she breached her duty of confidentiality to him as a prospective client. And he does not allege that Attorney Bourquin herself deprived him of his Property, only that she did not help him obtain redress after others had done so.

Because none of the facts Plaintiff has alleged against Attorney Bourquin, even if proven, plausibly suggest an entitlement to relief, his Complaint against her should be dismissed in its entirety.

### III. Attorney Bourquin Is Not a State Actor and Did Not Deprive Plaintiff of Property

The Complaint alleges, on page 21 (without any reference to Attorney Bourquin), that "Defendants violated Plaintiff's Fourteenth Amendment rights not to be deprived of Life, Liberty, or Property without Due Process of Law, by fictitiously commandeering Plaintiff's Property, through use of Misrepresentations, which caused Plaintiff to default on his payments, and

7

ultimately lose his Property based on fraud." Complaint at 21. To the extent Plaintiff intends to assert a claim against Attorney Bourquin for a deprivation of his Fourteenth Amendment due process rights based upon the loss of his Property, the claim fails for two reasons.

First, only state actors can be held liable for a Fourteenth Amendment due process violation. *See*, *e.g.*, *Mason v. Central Mass. Transit Mgmt., Inc.*, 405 F. Supp. 3d 315, 318-19 (D. Mass. 2019) (dismissing Fourteenth Amendment claim against private employer because the "Fourteenth Amendment[] only appl[ies] to government actors" (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982))). Plaintiff does not allege, nor could he accurately allege, that Attorney Bourquin is a state actor. *See, e.g.*, *McLarnon v. City of Malden*, Civ. A. No. 06-11815-RWZ, 2007 WL 2159364, at *2 (D. Mass. Jul. 26, 2007) ("It is well-established law that private attorneys are generally not considered state actors for purposes of [42 U.S.C.] § 1983.") He therefore has no viable Fourteenth Amendment claim against her.

Second, Plaintiff's allegation is that he was deprived of his Property because certain defendants "fictitiously commandeer[ed] Plaintiff's Property, through use of Misrepresentations." He does not allege, however, that Attorney Bourquin made any misrepresentation that contributed to the loss of his Property or that she herself participated in any effort to deprive him of the Property. Instead, he alleges merely that she declined to help him seek redress after other defendants had deprived him of the Property. For this reason as well, the Complaint states no Fourteenth Amendment claim against Attorney Bourquin.

**IV.   Plaintiff Alleges No Act or Omission in Connection with the Sale of a Security**

The Complaint contains allegations (on pages 21 and 22, and once again without reference to Attorney Bourquin) about "Rule 10b-5," which is found at 17 C.F.R. § 240.10b-5. Rule 10b-5 pertains to securities offerings and has no applicability to the allegations in the Complaint. Pursuant to the rule,

> It shall be unlawful for any person, directly or indirectly, by use of any means or instrumentality of interstate commerce, or of the mails or any facility of any national securities exchange, (a) [t]o employ any device, scheme, or artifice to defraud, (b) [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) [t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, <u>in connection with the purchase or sale of any security</u>.  (emphasis added)

Any claim against Attorney Bourquin under Rule 10b-5 fails because there are no facts alleged concerning Attorney Bourquin that would, if proven, establish the elements of the claim. There is no allegation in the Complaint regarding any security or its purchase or sale. And even if there were, there is no allegation that Attorney Bourquin had anything to do with the purchase or sale; that she employed any device, scheme or artifice relating to it; or that she made a false or misleading statement or omission in connection with the sale. Absent these allegations (which Plaintiff cannot truthfully make), there is no viable claim under Rule 10b-5.

## V.     Attorney Bourquin Is Not a Government Employee or Agent

On pages 22 and 23, the Complaint quotes portions of the FTCA, 28 U.S.C. § 2671, *et. seq.*, without making any reference to Attorney Bourquin. The FTCA provides a statutory procedure for filing tort claims against the United States in federal court to recover for the tortious conduct of a government employee or agent acting within the scope of their employment for a federal agency. 28 U.S.C. § 2671, *et. seq.* As the language quoted in the Complaint states, the statute applies only where conduct by "an employee of the Government" is at issue.

Any claim against Attorney Bourquin under the FTCA fails because there is no allegation in the Complaint, nor can one be accurately included, that Attorney Bourquin is an employee of the federal government or a federal agency. To the contrary, the Complaint alleges that she is

employed by the ACLUM, which is not a government agency. The Complaint therefore fails to state a claim against Attorney Bourquin under the FTCA.

## VI. The Complaint Fails to State a Claim Under the RICO Statute

Under the heading "RELIEF SOUGHT" on page 23 of the Complaint, Plaintiff requests, among other relief, an order providing for "the payment of any appropriate Civil RICO (Racketeer Influenced and Corrupt Organization) 'Treble Damages'." Once again, there are no specific allegations concerning Attorney Bourquin in connection with this request.

While it is not clear from the Complaint which source of law Plaintiff is referring to with regard to his claim for treble damages, it appears he might be referring to 18 U.S.C. §§ 1961-1968. 18 U.S.C. § 1964(c) provides, in pertinent part, that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee…" Section 1962, in turn, makes unlawful certain conduct that involves a "pattern of racketeering activity" or the collection of an "unlawful debt."

"Racketeering activity" is defined in the statute to mean "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical […] which is chargeable under State law and punishable by imprisonment for more than one year" or any act which is indictable as defined by a list of enumerated statutes. 18 U.S.C. § 1961. "Unlawful debt" is defined by statute to mean a debt "incurred or contracted in gambling activity" that violates federal or state law. *Id.* A "pattern of racketeering activity" is defined as "at least two acts of racketeering activity…" *Id.*

"A claim under § 1962(c) requires a showing of '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lu v. Hadlock*, Civ. A. No. 95-12041-GAO, 1996 WL

463747, at *2 (D. Mass. Aug. 1, 1996) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). The Complaint is devoid of any allegation of fact that, if proven, would establish that Attorney Bourquin satisfied even one of these elements. Absent allegations of fact that, if proven, would establish each of these elements (allegations that Plaintiff cannot truthfully make), the Complaint fails to state a claim against her for relief under RICO.

### VII. The Complaint Does Not Allege, and in Any Event the Court Would Lack Subject Matter Jurisdiction Over, Any State Law Claim Against Attorney Bourquin

For the reasons stated above, each of the federal claims suggested by the allegations of the Complaint should be dismissed against Attorney Bourquin. Once those claims are disposed of, nothing remains of the case against Attorney Bourquin. The Complaint does not mention any state law cause of action, plead the elements of any state law cause of action, or plead facts that, if proven, would establish the elements of any state law cause of action against Attorney Bourquin. The Complaint, therefore, should be dismissed with prejudice against her in its entirety.

In the alternative, even if some state law cause of action against Attorney Bourquin had been or could have been adequately pleaded and were to survive the arguments for dismissal under Fed. R. Civ. P. 12(b)(6) that are presented above, the surviving state law claim or claims should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal district court can have subject matter jurisdiction over a claim under only three statutes: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; (2) diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332; and (3) supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. The party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. *Skwira v. U.S.*, 344 F.3d 64, 71 (1st Cir. 2003); *Lopez-Davila v. Acting Comm'r of Soc. Sec.*, 39 F. Supp. 3d 184, 185 (D.P.R.

2014). "The mere invocation of a federal statute is not sufficient to confer jurisdiction where the factual allegations pleaded plainly would not support a claim under the statute." *Lu*, 1996 WL 463747 at *2 (holding the court lacked subject matter jurisdiction over Sherman Act and RICO claims where no factual allegations in the Complaint supported those claims).

To the extent that no federal law claims against Attorney Bourquin survive the arguments presented above, there will be no federal question jurisdiction pursuant to 28 U.S.C. § 1331. There also will be no diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff, on the one hand, and many of the defendants, including Attorney Bourquin, on the other hand, are residents of Massachusetts. *See*, *e.g.*, *Aung v. Prettenhoffer*, 4:20-cv-40116-TSH, 2021 WL 2458204, at *8 (D. Mass. June 16, 2021) (dismissing complaint against defendant Hanover because "Plaintiff and Hanover are both citizens of Massachusetts, so there is no complete diversity of citizenship required to assert diversity jurisdiction.").[3] With these two grounds unavailable, the only possible ground for subject matter jurisdiction over any surviving state law claims against Attorney Bourquin would be supplemental jurisdiction under 28 U.S.C. § 1367.

Supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 (a) exists only where the state law claims arise from a "common nucleus of operative facts" with the claims over which the District Court has original jurisdiction. *Futura Dev. of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico*, 144 F.3d 7, 13 (1st Cir. 1998) (rejecting supplemental jurisdiction "because there is no common nucleus of operative facts shared by both the civil rights claims and the alter ego claim"). To exercise § 1367(a) supplemental jurisdiction, the state law claims must

---

[3] The Complaint alleges that Plaintiff has a "business address" in Saugus, Massachusetts (Complaint at 5) and that Attorney Bourquin has a "work address" in Boston (Complaint at 17). Although the Complaint does not include an allegation concerning Attorney Bourquin's place of residence, she in fact resides in Massachusetts.

be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

That is not the case here. The Complaint describes the conduct of numerous defendants whom Plaintiff alleges acted to deprive him of his Property, but Attorney Bourquin is not among them. There is no allegation that Attorney Bourquin played any role in the events leading to the Plaintiff's loss of his Property or to the harm he alleges he suffered as a result. Instead, the only allegations concerning her involve her alleged refusal to investigate Plaintiff's claims and assist him in seeking redress for the harm he previously had suffered at the hands of others. Because the allegations against Attorney Bourquin are separated by both subject matter and time from Plaintiff's allegations against the other defendants, supplemental jurisdiction does not exist. *See e.g.*, *Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68, 70 (1st Cir. 1999) (affirming dismissal of state law medical malpractice claims where "the claims against the medical defendants did not share a common nucleus of operative facts with the claims against the police because the facts relevant to the civil rights claim were entirely separate from the facts relevant to the malpractice claim, and because there was a temporal break between the two sets of facts."); *Jones v. Evangelidas*, Civ. A. No. 20-40153-TSH, 2021 WL 76207, at *1 (D. Mass. Jan. 8, 2021) (rejecting supplemental jurisdiction over a state law legal malpractice claim against plaintiff's former criminal defense lawyer because that claim "is a different claim that would not ordinarily be part of a civil rights claim against the sheriff and the jail's doctor for allegedly unconstitutionally inadequate treatment[]," so the "cases do not arise out of the same nucleus of operative fact[.]")

Moreover, even if (contrary to fact) supplemental jurisdiction were to exist, the Court would have discretion to decline to exercise it. "[O]nce the federal claims giving rise to original jurisdiction are dismissed, the Court 'may decline to exercise supplemental jurisdiction' over the

remaining state law claims." *Ryan v. Alzaim*, C.A. No. 20-11424-ADB, 2021 WL 1313560, at *5 (D. Mass. Apr. 8, 2021). "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *Caturvedi v. Siddharth*, Civ. A. No. 20-1180-FDS, 2021 WL 664129, at *8 (D. Mass. Feb. 19, 2021) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)) (declining to exercise supplemental jurisdiction over remaining state law claims after all federal claims were dismissed because the case was in the very early stages). "In deciding whether to decline supplemental jurisdiction, courts consider several factors, including 'fairness, judicial economy, convenience, and comity.'" *Ryan*, 2021 WL 1313560 at *5 (quoting *Desjardins v. Willard*, 777 F.3d 43, 45 (1st Cir. 2015)). Therefore, "'in the usual case in which all federal-law claims are eliminated before trial,'" as should be the case here, "'the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (declining to exercise supplemental jurisdiction over plaintiff James P. Ryan's state law claims after determining that the court did not have diversity or federal question jurisdiction); *McLarnon*, 2007 WL 2159364 at *3 (declining to exercise supplemental jurisdiction over state law legal malpractice claim where federal claim against defendant attorney was dismissed).

Therefore, even if the Court were to determine that it *could* exercise supplemental jurisdiction under 28 U.S.C. § 1367(a), it should decline to exercise its discretionary jurisdiction over any remaining state law claim against Attorney Bourquin pursuant to 28 U.S.C. § 1367(c)(3). The pendent jurisdiction doctrine factors all point towards this Court declining to exercise jurisdiction. It would be unfair to require Attorney Bourquin to become embroiled in a complex lawsuit involving more than 50 parties that is focused on the alleged deprivation of Plaintiff's

Property based on conduct in which Attorney Bourquin was not involved; there is no judicial economy or convenience to be gained because Attorney Bourquin was not involved at all in the events and circumstances leading to Plaintiff's loss of his Property; and there is no good reason why the federal courts should deprive the state courts of their jurisdiction over state law claims against Attorney Bourquin that are unrelated to any federal cause of action.

Because this Court will lack, or should decline to exercise, supplemental jurisdiction over any surviving state law claims against Attorney Bourquin, those claims should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), even if they are not dismissed under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For all of the foregoing reasons, the Complaint should be dismissed with prejudice in its entirety as against Attorney Bourquin.

| | |
|---|---|
| Dated:  September 10, 2021 | Respectfully submitted, |
| | RUTH BOURQUIN, |
| | By her attorneys |
| | /s/ Gary M. Ronan |
| | Gary M. Ronan (BBO# 653899) |
| | GOULSTON & STORRS PC |
| | 400 Atlantic Avenue |
| | Boston, MA 02110 |
| | gronan@goulstonstorrs.com |
| | (617) 574-3593 |
| | -and- |
| | Justin D. Heller (admitted pro hac vice) |
| | GOULSTON & STORRS PC |
| | 885 Third Avenue, 18th Floor |
| | New York, NY 10022 |
| | jheller@goulstonstorrs.com |
| | (212) 878-5043 |

## CERTIFICATE OF SERVICE

      I certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the NEF on September 10, 2021, and that a copy is being sent by first class mail, postage prepaid, to

James P. Ryan
1268 Broadway, Unit C, #247
Saugus, MA 01906

                              /s/ Gary M. Ronan